```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


VIRENDRA U. KOTHARI,            §
                                §
          Plaintiff,            §
                                §
v.                              §    CIVIL ACTION NO. H-05-0499
                                §
MOTIVA ENTERPRISES, L.L.C.,     §
                                §
          Defendant.            §
```

## MEMORANDUM OPINION AND ORDER

Plaintiff, Virendra U. Kothari, brings this action against defendant, Motiva Enterprises, L.L.C. ("Motiva"), for violations of the Petroleum Marketing Practices Act, the Texas Deceptive Trade Practices Act, fraud, breach of contract, and request for declaratory relief all arising out of a franchise agreement to operate a Shell service station.[1] Pending before the court are Defendant's Motion to Dismiss and Motion for Summary Judgment (Docket Entry No. 19), Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Docket Entry No. 25), and Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Docket Entry No. 27).[2]

---

[1] Plaintiff's Original Complaint and Application for Injunctive Relief, pp. 2-3, Docket Entry No. 1.

[2] Although Motiva previously filed a Motion to Dismiss (Docket Entry No. 8), it has abandoned its previously-filed Motion to Dismiss in favor of its later-filed Motion to Dismiss and Motion for Summary Judgment (Docket Entry No. 19, p. 8).

For the reasons explained below, Defendant's Motion to Dismiss and Motion for Summary Judgment will be granted in part and denied in part.

## I.  Factual and Procedural Background

Kothari operates a Shell-branded service station located at 9602 Southwest Freeway in Houston, Texas (the "Westwood station"), as a franchisee of Motiva.[3] The franchise relationship is governed by two contracts:  a Retail Facility Lease and a Retail Sales Agreement.[4]  In 2004 the contracts were up for renewal, and Kothari renewed his franchise by executing a new Retail Facility Lease and Sales Agreement, effective from July 1, 2004, until June 30, 2007.[5] In the spring of 2004 Kothari protested the real estate value of his Westwood station pursuant to the Retail Facility Lease, which forms the basis for determining the rent to be paid.[6] Shortly thereafter Kothari received notice that his station failed an image inspection conducted by Motiva.[7]  The inspection was conducted pursuant to the Retail Sales Agreement, which contained a requirement that Kothari comply with all standards of operation and

---

[3]Plaintiff's Original Complaint and Application for Injunctive Relief, pp. 2-3, Docket Entry No. 1.

[4]Id. at p. 3.

[5]Id. at p. 6.

[6]Id. at pp. 6-7.

[7]Id. at p. 8.

appearance established by Motiva.[8]  Motiva's brand image standards were part of the company's Customer Value Proposition ("CVP") program, which required franchisees to adhere to specific standards.[9]  To ensure compliance with the CVP Program, Motiva conducted periodic inspections.[10]

There is some dispute about what happened next.  Kothari alleges that he passed, then subsequently failed another inspection.[11]  Motiva alleges that Kothari failed the next two inspections, and failure of two consecutive inspections triggered termination of the franchise.[12]  On November 8, 2004, Motiva issued a formal Notice of Termination to take effect on February 21, 2005.[13]  On February 15, 2005, Kothari filed suit alleging that Motiva's Notice of Termination violated the Petroleum Marketing Practices Act ("PMPA").[14]  Kothari also alleged causes of action

---

[8]Retail Sales Agreement, art. 7, Exhibit 2 to Defendant's Motion to Dismiss and Motion for Summary Judgment, Docket Entry No. 19.

[9]Defendant's Motion to Dismiss and Motion for Summary Judgment, p. 4, Docket Entry No. 19; Plaintiff's Original Complaint and Application for Injunctive Relief, p. 8, Docket Entry No. 1.

[10]Id.

[11]Plaintiff's Original Complaint and Application for Injunctive Relief, pp. 9-10, Docket Entry No. 1.

[12]Notice of Termination, Exhibit 3 to Defendant's Motion to Dismiss and Motion for Summary Judgment, Docket Entry No. 19.

[13]Id.

[14]Plaintiff's Original Complaint and Application for Injunctive Relief, pp. 11-14, Docket Entry No. 1.

under the Texas Deceptive Trade Practices Act, common law fraud, breach of contract, and a cause of action for declaratory judgment.[15]  On February 18, 2005, the court entered an Agreed Temporary Restraining Order preserving the status quo pending resolution on the merits.[16]  On February 25, 2005, the parties followed with an Agreed Preliminary Injunction, entered by the court, which continued the status quo and left Kothari in possession of the station.[17]

In the spring and summer of 2005 Motiva decided to change the CVP program to rescind termination for CVP program violations, provided that the franchisee attend image training and pass two additional inspections by a third party.[18]  Motiva offered to rescind Kothari's Notice of Termination if he complied with these provisions.[19]  Kothari did so, and Motiva sent Kothari a letter dated February 7, 2006, rescinding its previously-issued Notice of Termination.[20]  At no time has Kothari's operation of his station been interrupted by Motiva.  In addition, according to Motiva,

---

[15] Id. at pp. 14-19.

[16] Agreed Temporary Restraining Order, Docket Entry No. 4.

[17] Agreed Preliminary Injunction, Docket Entry No. 5.

[18] Letter dated August 15, 2005, Exhibit 9 to Defendant's Motion to Dismiss and Motion for Summary Judgment, Docket Entry No. 19.

[19] Id.

[20] Letter dated February 7, 2005, Exhibit 4 to Defendant's Motion to Dismiss and Motion for Summary Judgment, Docket Entry No. 19.

since his retraining Kothari has passed all subsequent inspections and is in no danger of termination on the basis of the inspections that were the subject of this lawsuit.[21]

## II.   Standard of Review

**A.   Rule 12(b)(1)**

A motion under Federal Rule of Civil Procedure 12(b)(1) may be brought for lack of subject matter jurisdiction on the grounds that a claim is moot.  Fed. R. Civ. P. 12(b)(1).  See also AmWest Sav. Ass'n v. Farmers Market of Odessa, Inc., 753 F.Supp. 1338, 1347 (W.D. Tex. 1990).  In deciding whether to dismiss a cause of action under Rule 12(b)(1) a court may consider (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The plaintiff therefore bears the burden of proving that jurisdiction exists.  Id.

**B.   Summary Judgment**

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law

---

[21]Defendant's Motion to Dismiss and Motion for Summary Judgment, p. 5, Docket Entry No. 19.

entitles it to judgment. Fed. R. Civ. P. 56(c). The movant bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the record], which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986). Disputes about material facts are genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).

Once the movant demonstrates the absence of a genuine issue of material fact, the "adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Entry of summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 106 S.Ct. at 2552. Factual controversies are to be resolved in favor of the nonmovant "only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

While federal law establishes the standards for entry of summary judgment, in a diversity case this court looks to Texas law and its choice of law principles in determining what state's law applies. Erie Railroad Co. v. Tompkins, 58 S.Ct. 817 (1938); General Accident Ins. Co. v. Unity/Waterford-Fair Oaks, Ltd., 288 F.3d 651, 653 (5th Cir. 2002). Both plaintiff and defendant apply Texas law to the state law claims, and the court agrees that Texas law governs.

### III.  Analysis

**A.  PMPA Claims**

Motiva first moves to dismiss both Kothari's PMPA claim for an injunction to set aside the original termination notices and Kothari's PMPA claim for actual damages as moot under Federal Rule of Civil Procedure 12(b)(1).[22]

The PMPA is a comprehensive statutory framework set up to regulate petroleum distribution and marketing franchises. See Bridges Enterprises, Inc. v. Exxon Co., U.S.A., 820 F.2d 123 (5th Cir. 1987). It prohibits a franchisor from terminating a franchise or failing to renew a franchise relationship except in the manner and for the reasons specified by the PMPA. 15 U.S.C. § 2802(a). See also April Mktg. & Distrib. Corp., Inc. v. Diamond Shamrock Ref. & Mktg. Co., 103 F.3d 28, 29 (5th Cir. 1997). Section 2805 of

---

[22]Defendant's Motion to Dismiss and Motion for Summary Judgment, pp. 5-7, Docket Entry No. 19.

the PMPA grants a franchisee a private right of action to sue for violations of sections 2802 and 2803 of the PMPA. 15 U.S.C. § 2805. The statute specifically provides for injunctive relief should the court determine such relief is warranted. Id. at § 2805(b).

Plaintiff's Original Complaint and Application for Injunctive Relief requests an injunction to prevent his Westwood station from being shut down.[23] At the time the suit was filed Kothari's Westwood station was in danger of being terminated on February 21, 2005, pursuant to Motiva's Notice of Termination. But Kothari filed suit on February 15, 2005, before the termination was to take effect. The parties entered into an Agreed Temporary Restraining Order on February 18, 2005, and then an Agreed Preliminary Injunction on February 25, 2005, that preserved the status quo. Kothari's Westwood station was never shut down, and Motiva rescinded Kothari's Notice of Termination on February 7, 2006.

Motiva argues that its withdrawal of the Notice of Termination moots Kothari's request for injunctive relief because he is no longer in danger of termination on the basis of the inspections that form the basis of this lawsuit. Kothari counters that his request for permanent injunctive relief is not moot because Motiva continues to operate a discriminatory dual system of inspections

---

[23]Plaintiff's Original Complaint and Request for Injunctive Relief, p. 14, Docket Entry No. 1.

that subjects Kothari to danger of termination.[24]  But Kothari's potential harm will only arise if Kothari fails two consecutive inspections under the dual-inspection system and if Motiva sends Kothari written notice of termination.  A yet-unrealized, purely speculative danger of termination is not sufficient to obtain PMPA injunctive relief.  Under section 2805, the burden of proof is on the franchisee to prove "the termination of the franchise or the nonrenewal of the franchise relationship."  15 U.S.C. § 2805(c).  The definition of "termination" under the PMPA includes "cancellation."  15 U.S.C. § 2801(17).

Because Motiva rescinded the Notice of Termination, Kothari's franchise is not subject to termination or cancellation as a result of the inspections that are the subject of this lawsuit.  Motiva's withdrawal of the Notice of Termination therefore moots Kothari's request for injunctive relief.  See Ketterle v. B.P. Oil, Inc., 909 F.2d 425, 430 n.5 (11th Cir. 1990) (noting that when the franchisee sent a letter revoking a franchisor's impending termination the issues dealing with the merits of the case were moot).

---

[24]Kothari alleges that Motiva has two systems of inspections. The first, for open dealers, utilizes third-party inspections and evaluations with a built-in appeal process.  The second, for lessee dealers like Kothari, utilizes Motiva sales representatives for inspections and evaluations.  Kothari alleges that these sales representatives also provide counseling with respect to the price of gas and other marketing issues, which sometimes leads to friction.  Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, pp. 11-12, Docket Entry No. 25.

Motiva also argues that because Kothari remained in possession of his Westwood station at all times relevant to this lawsuit and because the Notice of Termination was rescinded, Kothari's request for actual damages is moot under the PMPA.  During the relevant periods Kothari continued to operate his station, received his supply of gasoline, and used the Shell trademark.  Kothari responds that he incurred actual damages in the form of a $65-per-gas-load-delivered fee imposed on February 11, 2005, as a result of the impending February 21, 2005, termination.  A supporting affidavit submitted by Kothari states that "Motiva revoked Kothari's use of the Electronic Fund Transfer System requiring payment solely by cashier's check or wire transfer.  Additionally, Motiva initiated an arbitrary and unreasonable $65.00 charge for payment by cashier's check or wire transfer."[25]  But Kothari does not allege that he ever actually paid the $65.00 charge.  Motiva has adduced evidence that Kothari was delivered four loads of fuel from February 10, 2005, to February 21, 2005, but was never invoiced for or paid the $65.00 charge.[26]  Based on this evidence the court finds that Kothari did not suffer any actual damages and is not

---

[25]Affidavit of Prashant Kothari, p. 5, attached to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, Docket Entry No. 25.

[26]See Affidavit of Thomas A. Barens, Exhibit 1 to Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, Docket Entry No. 27.  See also id. at Exhibit 2, attached invoices.

threatened with a termination that would cause actual damages.  His actual damage claims under the PMPA are therefore moot.

Kothari's Original Complaint also contains PMPA claims for punitive damages and attorney's fees.  Motiva argues that the court should enter summary judgment on the punitive damages and attorney's fees claim because no termination ever took effect and because Kothari is not a "prevailing party."[27]  The PMPA entitles a prevailing party to attorney's fees, and under some circumstances to exemplary damages.  15 U.S.C. §§ 2805(d)(1)(B) & (C).  Kothari argues that the agreed preliminary injunction entered by the court affords it "prevailing party" status.

A prevailing party is one who has been awarded some relief by the court.  <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health & Human Res.</u>, 121 S.Ct. 1835, 1839 (2001).  Relief includes judgments on the merits as well as settlement agreements enforced through a consent decree that create the "material alteration of the legal relationship of the parties."  <u>Id.</u> at 1840 (quoting <u>Texas State Teachers Assn. v. Garland Independent School Dist.</u>, 109 S.Ct. 1486, 1494 (1989)).

The preliminary injunction entered in this case does not meet the <u>Buckhannon</u> standard.  It did not dispose of Kothari's claims on the merits or affect the underlying dispute, but was instead a temporary measure meant to preserve the status quo pending trial on

---

[27]Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, pp. 6-10, Docket Entry No. 25.

the merits. See Northern Cheyenne Tribe v. Jackson, 433 F.3d 1083, 1086 (8th Cir. 2006) (noting that "virtually every circuit court to consider the question has concluded that a preliminary injunction granting temporary relief that merely maintains the status quo does not confer prevailing party status").

Nor is Kothari a prevailing party because of Motiva's voluntary decision to rescind the notice of termination. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." Buckhannon, 121 S.Ct. at 1841. The court therefore finds that Kothari has not achieved any relief in this lawsuit that meets the criteria of a "prevailing party."

In addition, as noted above, section 2805(c) of the PMPA requires that to maintain a PMPA action, the franchisee must prove that the franchise was terminated or non-renewed. 15 U.S.C. § 2805(c). See also Chestnut Hill Gulf, Inc. v. Cumberland Farms, Inc., 940 F.2d 744, 748 (1st Cir. 1991) (stating that in order to establish a claim under the PMPA a plaintiff must prove as a threshold matter that their franchise relationship was terminated or nonrenewed within the meaning of the PMPA); Shell v. Shell Oil Co., 216 F.Supp.2d 634, 637 (S.D. Tex. 2002). Kothari's franchise was never terminated and is not subject to cancellation, and he therefore cannot maintain a PMPA action. For this reason, and because Kothari is not a prevailing party, Motiva is entitled to

-12-

summary judgment on Kothari's PMPA claims for attorney's fees and exemplary damages.[28]

**B.   State Law Claims**

Motiva also moves for summary judgment on Kothari's remaining fraud, DTPA, and part of its breach of contract claims.  Kothari responds by requesting that the court dismiss Kothari's state law claims without prejudice for lack of subject matter jurisdiction.[29]

The court does not agree with Kothari's argument, based on a previously-filed motion by Motiva, that it does not have subject matter jurisdiction over the state law claims in this case.[30]  This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).  However, a district court may in its discretion decline to exercise supplemental jurisdiction over state law claims if they raise a novel or complex issue of State law, they substantially predominate over the federal claims, the

---

[28]Kothari argues that Motiva should be estopped from seeking summary judgment on Kothari's attorney's fees and exemplary damages claims based on correspondence between the parties and a Second Joint Motion for Continuance filed by both parties.  The court has examined the correspondence and motion at issue and determined that Motiva did not waive its right to seek summary judgment or dismissal on any of Kothari's claims.

[29]Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, p. 17, Docket Entry No. 25.

[30]Kothari bases his argument that the court does not have subject-matter jurisdiction on a previous pleading by Motiva, since abandoned in favor of the current Motion to Dismiss.  Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, pp. 4-5, Docket Entry No. 25.

court has dismissed all claims over which it has original jurisdiction, or in exceptional circumstances. 28 U.S.C. § 1367(c). In deciding whether to exercise supplemental jurisdiction, the court also balances the relevant factors of judicial economy, convenience, fairness, and comity. Smith v. Amedisys Inc., 298 F.3d 434, 446 (5th Cir. 2002). The general rule is "to dismiss state claims when the federal claims to which they are pendant are dismissed." Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992).

The court begins by noting that there are no "novel or complex" issues of state law involved in the remaining claims, nor are there exceptional circumstances. All of the federal law claims over which the court has original jurisdiction have been dismissed, and only the state law claims remain. See Carnegie-Mellon University v. Cohill, 108 S.Ct. 614, 619 (1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."). In considering the non-statutory factors, the court concludes that they weigh against retaining jurisdiction to dispose of the state law claims. Procedurally this case is at a relatively early stage of the litigation. Discovery has not been completed on all issues,[31] and

---

[31]See Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, p. 9, Docket Entry No. 25.

-14-

a trial date has not been set. "In short, the parties [are] not ready for trial." Parker, 972 F.2d at 587. The court will therefore decline to exercise supplemental jurisdiction over the state law claims.

### C.   Declaratory Relief

Plaintiff's Original Complaint requests relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. But Kothari's arguments for declaratory relief based on Motiva's dual-inspection system are unavailing. A declaratory action must be justiciable; that is, an actual controversy must exist between the parties to the action. Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000). An abstract or hypothetical situation is not ripe for review and does not constitute an actual controversy. Id. The potential harm posited by Kothari from the dual-inspection system is hypothetical. He has not alleged any current danger of termination from the dual-inspection systems, nor is he under the threat of a current notice of termination. The court therefore finds that Kothari's cause of action for declaratory judgment is not ripe for review.

Furthermore, even were the court to find that the request for declaratory relief was ripe for review the Declaratory Judgment Act is not an independent ground for jurisdiction. Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980). It permits award of declaratory relief only when other bases for jurisdiction are present. Id. The court has dismissed Kothari's PMPA claims and declined to

exercise supplemental jurisdiction over Kothari's state law claims. Having no other basis for jurisdiction, Kothari cannot remain in federal court on the basis of his declaratory judgment cause of action.

## IV.  Conclusion and Order

For the reasons explained above, the court concludes that

1.  Defendant's Motion to Dismiss and Motion for Summary Judgment (Docket Entry No. 19) is **GRANTED** for Kothari's PMPA causes of action and Kothari's cause of action for declaratory judgment. Defendant's Motion for Summary Judgment on Kothari's state law DTPA, fraud, and breach of contract causes of action is **DENIED** because this court declines to exercise supplemental jurisdiction over these causes of action.

2.  Kothari's DTPA, fraud, and breach of contract causes of action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this the 27th day of July, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE